[S. F. No. 12036. In Bank.—January 29, 1927.]

In the Matter of the Estate of ROBERT S. LEE, Deceased. JOSEPHINE MARIE LEE WRYNN, Appellant, v. KITTY TOOTY JOHNSON et al., Respondents.

[1] DIVORCE — PROCEEDING IN REM — DETERMINATION OF STATUS OF PARTIES.—A divorce proceeding, in so far as it relates to the marriage relation of the parties and the termination of the marriage status, is a proceeding *in rem*. Such an action is brought for the purpose of establishing judicially the matrimonial status of the parties, and, if it be found that the matrimonial relation exists, then for the purpose of a dissolution of that relation.

[2] ID.—JUDGMENT IN REM—EFFECT OF.—As a judgment of divorce is *in rem*, it is binding upon all the world as to the determination of the marital status of the parties and is immune from collateral attack, except on grounds specified by the code.

[3] ID.—DETERMINATION OF MARITAL STATUS—JUDGMENT—PRESUMPTION OF LEGITIMACY OF CHILD.—A judgment of divorce is a conclusive determination of the status of the parties to the action as husband and wife from the date of the marriage to the dissolution of that relation by a judgment of divorce, and a child born to the parties during said time is entitled to the presumption of legitimacy declared by section 193 of the Civil Code, and no one except the class enumerated in section 195 of the Civil Code is entitled to dispute the legitimacy of such child.

[4] ESTATES OF DECEASED PERSONS—HEIRSHIP—LEGITIMACY OF CHILD —EVIDENCE.—Upon a petition for distribution of the estate of a

---

1. See 9 Cal. Jur. 629; 9 R. C. L. 247.
2. See 9 Cal. Jur. 629; 15 Cal. Jur. 239.
3. See 13 Cal. Jur. 920.

deceased person to a child born after a marriage ceremony between the decedent, a mulatto, and a white woman, evidence of the legitimacy of the child, offered on the theory that the marriage of said parties was void, is inadmissible, where the child was born during the period between the date of such marriage and its dissolution by a decree of divorce, as such child was, after the divorce, presumed to be legitimate, which presumption can be disputed only by the persons named in section 195 of the Civil Code.

(1) 19 C. J., p. 178, n. 99.   (2) 19 C. J., p. 19, n. 45, p. 22, n. 95.
(3) 7 C. J., p. 940, n. 31, p. 942, n. 37; 19 C. J., p. 174, n. 54.
(4) 34 C. J., p. 291, n. 59; 38 Cyc., p. 1967, n. 92.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles N. Douglas for Appellant.

W. W. Watson, Clarence W. Morris, Joseph T. Curley and Charles S. Peery for Respondents.

SHENK, J.—Robert S. Lee died on the twentieth day of September, 1922, in the city and county of San Francisco, leaving an estate therein consisting of real and personal property of the appraised value of $17,784.35. On the next day his will, bearing date December 31, 1918, was filed with the clerk of the superior court in and for said city and county. After proceedings duly taken the will was proved and admitted to probate. Bequests of $100 each were left to some fifteen different institutions and individuals, including Kitty Tooty Johnson, who was also made residuary devisee and legatee. None of the persons named in the will was related to the decedent. The first and final account of the executor was settled and allowed and the court postponed distribution of the estate until it was determined to whom distribution should be made pursuant to the issue of heirship tendered by the petition of Josephine Marie Lee Wrynn, who claimed to be the daughter of the decedent and a pretermitted heir and who prayed that the entire estate

be distributed to her. Upon the trial of the issue the court found that the petitioner was not the child or any heir at law of the decedent and, therefore, not entitled to any portion of said estate. From a judgment entered accordingly Mrs. Wrynn prosecutes this appeal.

The court found that Robert S. Lee, the decedent, and Marie Dierse engaged in a marriage ceremony on the sixteenth day of May, 1895, in the city and county of San Francisco; that they lived together until they separated about three years thereafter, and that the decedent commenced an action for and was, on March 26, 1903, granted a divorce from Marie Dierse Lee in the superior court of the city and county of San Francisco. The appellant was born on July 5, 1895, and it is undisputed that she was the daughter of Marie Dierse Lee, the same person who engaged in the marriage ceremony with the decedent and who was divorced by the decedent about eight years thereafter. It also appears as an undisputed fact that the appellant was not named in said will.

The appellant bases her claim to heirship first upon the presumption of legitimacy declared by section 193 of the Civil Code that "all children born in wedlock are presumed to be legitimate." She then contends that under section 195 of the Civil Code "the presumption of legitimacy can be disputed only by the husband or wife, or the descendant of one or both of them," and that none of the parties to the present proceedings belongs to any of the classes of persons entitled to dispute her legitimacy.

Over the objection of the appellant evidence was introduced by the respondents to prove, and the court found, that the decedent was a mulatto; that the mother of the appellant is a white woman; that the mother was pregnant about seven months before she knew or became acquainted with the decedent and that a white man was the father of the appellant. From the facts so found the trial court concluded that the deceased and Marie Dierse were never legally married; that the claimant was not the child of the decedent and, therefore, not a pretermitted or any heir of the decedent. It is insisted by the respondents, first, that the said marriage was void under section 60 of the Civil Code, which provides that "all marriages of white persons with negroes,

Mongolians, or mulattoes are illegal and void," and, secondly, that since it appears that the decedent was not the father of the appellant, the latter was not the "issue" of said void marriage so as to entitle her to the benefit of section 1387 of the Civil Code, which provides that "the issue of all marriages null in law . . . are legitimate."

It is argued by the appellant that evidence to the effect that said marriage was illegal and that her natural father was a white man was inadmissible to establish her alleged illegitimacy under the facts here presented. The determination of this question depends upon the effect to be given the decree of divorce granted March 26, 1903. It is the contention of the appellant that the effect of that decree was judicially to establish the relationship or status matrimonially of the parties to said action and that such determination was and is conclusive under the provisions of section 1908 of the Code of Civil Procedure, which provides: "The effect of a judgment . . . before a court of this state . . . having jurisdiction to pronounce the judgment . . . is as follows: 1. In case of a judgment . . . in respect to the personal, . . . or legal condition or relation of a particular person, the judgment . . . is conclusive upon . . . the condition or relation of the person." The respondents dismiss the point with the statement that it is unworthy of consideration. We are satisfied that the contention may not be so or at all dismissed. The judgment of divorce was not impeached nor was it sought to be impeached by the respondents on any legal ground (sec. 1916, Code Civ. Proc.). In the absence of such impeachment it must be assumed that the court had jurisdiction over the cause and over the parties (sec. 1917, Code Civ. Proc.). It must further be assumed that the court found in that action, among other things, that the ceremony in which the plaintiff and defendant participated resulted in their marriage; that they were married persons when the cause was tried; that sufficient grounds for divorce were alleged and proved and that the plaintiff, the decedent herein, was entitled to a judgment dissolving the bonds of matrimony theretofore and since the sixteenth day of May, 1895, existing between the parties.

[1]  A divorce proceeding in so far as it relates to the marriage relation of the parties to the action and the termination of the marriage status is a proceeding *in rem* (*In re Newman*, 75 Cal. 213 [7 Am. St. Rep. 146, 16 Pac. 887]). Such an action is brought for the purpose of establishing judicially the matrimonial status of the parties and, if it be found that a matrimonial relation exists, then for the purpose of a dissolution of that relation (*Gridley* v. *Boggs*, 62 Cal. 190, 202; *De la Montanya* v. *De la Montanya*, 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]). [2]  As a judgment *in rem* it is binding upon all the world as to the determination of the marital status of the parties and is immune from collateral attack (*People* v. *Perris Irr. Dist.*, 132 Cal. 289 [64 Pac. 399, 773]; 15 Cal. Jur. 239), except on grounds specified by the code (sec. 1916, Code Civ. Proc.), none of which is urged here. [3]  The judgment here under consideration was a conclusive determination of the status of the parties to said action as husband and wife from May 16, 1895, to the dissolution of that relation by the judgment of divorce on March 26, 1903. Said judgment was and is binding upon the parties to the present proceeding and constitutes a judicial determination of a state of "wedlock" existing between the parties to said action when the appellant was born on July 5, 1895. Since the appellant must, therefore, be held to have been born in wedlock she was and is entitled to the presumption of legitimacy declared by section 193 of the Civil Code, and since none of the respondents nor any person named in said will is included within the class enumerated in section 195 of the Civil Code as entitled to dispute the legitimacy of the appellant, all question as to her alleged illegitimacy is here foreclosed (*In re Madalina*, 174 Cal. 693 [1 A. L. R. 1629, 164 Pac. 348]).

The respondents rely on *Estate of Gregorson*, 160 Cal. 21 [Ann. Cas. 1912D, 1124, L. R. A. 1916C, 697, 116 Pac. 60], where it was said: "A marriage prohibited as incestuous or illegal and declared to be 'void' or 'void from the beginning' is a legal nullity and its [in]validity may be asserted or shown in any proceeding in which the fact of marriage may be material." Assuming that the foregoing

statement was necessary to the decision and that it correctly declared the general rule, the question of a prior judgment of divorce as affecting the marital status was neither involved nor considered in that case and cannot be deemed determinative under the facts here presented. Other authorities cited and relied upon by the respondents are likewise not in point in the state of the record.

[4] As the evidence relating to the alleged illegitimacy of the appellant was inadmissible and the finding and conclusion of the court that she was not an heir of the decedent were predicated thereon, it follows that said finding and conclusion were not supported by any competent evidence in the case. Under the evidence material to the controversy the appellant was entitled to a judgment declaring that she was and is the sole heir of the decedent and as such entitled to the distribution of said estate.

Sufficient findings were made by the court, based upon competent evidence, and there is none to the contrary, to entitle the appellant to a decree of distribution. After entry of judgment in the trial court appellant made a motion to set aside the judgment and to enter a new and different judgment on the same findings. This motion was denied. We think the motion should have been granted.

It is ordered that the judgment be and the same is hereby reversed and the cause is remanded, with directions to enter a judgment on the findings declaring the appellant to be the sole heir of the decedent and distributing to her the property constituting said estate.

Richards, J., Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste C. J., concurred.

Rehearing denied.