[Civ. No. 6119.   First Appellate District, Division Two.—March 14, 1928.]

BAYSIDE LAND COMPANY (a Corporation) et al., Respondents, v. HENRY R. DABNEY et al., Appellants.

I. Henry Harris for Appellants.

Bordwell & Mathews and Odell S. McConnell for Respondents.

NOURSE, J.—Plaintiffs sued to quiet title to certain real property situated in Orange County and to obtain a decree of forfeiture of a lease which had been given to the defendant Dabney for the purpose of drilling for oil. Plaintiffs had judgment and the appellants have appealed on a typewritten record.

The action is in two counts. One containing the usual allegations in a suit to quiet title and the other allegations to declare a forfeiture of an oil lease covering the lands described, consisting of 488 separate lots, 470 of which are owned by the plaintiff Bayside Land Company. The essential facts are stated in *Bayside Land Co.* v. *Dabney* (No. 6118), *ante*, p. 122 [265 Pac. 564].

On December 24, 1923, the plaintiff corporation commenced the former action to quiet title to the property owned by it alone upon the theory that the lease had been forfeited because of defendants' failure to perform in ac-

cordance with its terms. That action went to trial and resulted in a judgment in favor of the defendant upon the single ground that the subsequent lessors had not joined with the plaintiff corporation in giving notices of forfeiture of the lease. All the other issues raised by the plaintiff in that suit, including the issue of nonperformance and breach by the defendant, were found in favor of the plaintiff. Pending an appeal by the plaintiff from the judgment in the former action the subsequent lessors joined with the plaintiff corporation in serving upon the defendant a notice of forfeiture in accordance with the terms of section 13 of the original lease and, defendant having failed to remedy the breach or to continue drilling operations upon the premises this action was commenced by the plaintiff corporation and the subsequent lessors joined with it as plaintiffs against the defendant Dabney individually and the defendants Dabney, Ellis, and Harris as trustees for the Dabney Company and against the defendant Hammer, who, it was alleged, had some interest in the property, but fraudulently refused to join as a party plaintiff. The grounds of forfeiture alleged in the second complaint were the defendant's failure to prosecute drilling operations of any character for a period of more than one year prior to the commencement of the action and the assignment by the defendant Dabney, contrary to the terms of the lease, to his co-defendant trustees of all his interest in the lease without the written or any consent of the lessors.

The cause was tried before the court sitting without a jury; complete findings were made and judgment followed declaring that the plaintiffs were the owners of the separate lots claimed by them and that all the leases referred to in the complaint had been forfeited by the defendants and that the defendants had no further interest in any portion of the property described.

On this appeal the appellants raise a number of points which will be taken up in the order presented. It is argued that the admitted failure of the appellants to pursue drilling operations subsequent to the judgment in the prior action did not operate as a breach of the lease which entitled the respondents to declare a forfeiture. The argument is that inasmuch as the plaintiff in the former action took an

appeal from the judgment in favor of the defendant Dabney, the latter was excused from performance under the lease until the final determination of that appeal. The point was raised in the trial court by what was termed a plea in abatement on the ground that another action was pending. ▮ The trial court ruled adversely to appellants on this plea and rightly so because the former action was not a suit by the same plaintiffs or one involving the same subject matter, both of which must be present to sustain a plea in abatement of this character. (*Smith* v. *Smith,* 134 Cal. 117, 119 [66 Pac. 81].) Inasmuch as the former action was brought by the Bayside Land Company alone any judgment in that case would not affect the rights of the subsequent lessors to claim a forfeiture for breaches occurring prior to the trial of that action and of course the prosecution of that action by the Bayside Land Company could not excuse appellant's failure to perform in so far as the rights of the subsequent lessors were concerned. ▮ In any event the failure to perform was a continuing breach which could be claimed under the lease by the lessors at any time and each failure to perform subsequent to the trial of the former action would support an additional notice and claim of forfeiture on the part of all the lessors. Here the failure of the appellants to continue drilling for a period of more than one year prior to the commencement of the action is an admitted fact. The excuse given by them in the trial court was that their difficulties incurred in sinking a well had been so great that they deemed it advisable to wait the result of the operations of another concern upon a nearby tract so that they might determine whether it would be profitable to continue under their lease. The trial court held that such excuse was not available to the appellants and their argument in this court that they were excused by the actions of the respondent land company in seeking a forfeiture is plainly an afterthought which does not require further consideration. The point is of little importance, however, as the trial court found on undisputed evidence that the appellant Dabney had breached the provisions of section 17 of the lease which prohibited an assignment of the lease without the written consent of the lessors. The fact that such assignment was made and that the consent of

the lessors was not obtained or requested is conceded. The only defense made by the appellants was that the corporation must have known that an assignment had been made because on some portion of the premises signs had been erected bearing the name of the company for whose benefit the assignment was made. ■ The burden of proof to show that the admitted breach of the lease was excusable was a burden which was placed upon appellants and they have failed to show that the adverse finding of the trial court is not supported by the evidence.

Appellants complain of the finding adverse to their affirmative defense in which they allege that the respondent land company forbade them to operate upon the premises. Appellants do not call our attention to any evidence which would support a finding to the contrary. ■ The burden was upon them to prove their defense in the lower court and it is incumbent upon them to show error here.

■ It is argued that findings 23 and 24, covering the issues of service of notice upon the appellants and the signatures of the lessors upon such notices, are not supported by the evidence. The complaint alleged that the written notices were signed by the Bayside Land Company "and by each of the parties appearing as lessors or their successors in interest in those leases," and that such notices were served upon the appellants pursuant to the terms of the lease, and that all the parties signing the notices were the owners of the lots alleged to belong to them. These allegations were denied generally for lack of information and belief. Notwithstanding the form of the denial the repondents made proof of the allegations contained in the complaint, and it would be to no purpose to recite here the evidence which amply supports the finding of the trial court. The appellants had in their possession the original leases signed by the same parties whose names were attached to the notice of forfeiture, and they had access to the records to enable them to determine whether these lessors held the record title to the lots which they claimed to own. Thus their denial for lack of information or belief was sham.

■ The argument seems to be that as one Julius Hammer was joined as a party defendant the notice of forfeiture is insufficient because his name was not appended thereto.

The complaint alleged and the trial court found that the written notices of forfeiture were signed by the Bayside Land Company and by each of the parties appearing as lessors or their successors in interest in all the leases involved. It was also alleged that the Bayside Land Company was the owner in fee of lots 25 and 27 in block 212, subject to a contract by which the company agreed to sell said lots to Julius Hammer. It was further alleged that Hammer was requested to join in said notices, but refused to do so for the purpose of hindering and obstructing respondents in their efforts to require a full performance of the covenants of the lease on the part of the appellants. The trial court found that his refusal was fraudulent and for the purpose of hindering and obstructing the respondents in the manner alleged in the complaint. It does not appear what interest Hammer had, other than through a contract to purchase, which may or may not have been in force at the time and which may not have called for the transfer of any interest in the lease. In any event, he was not one of the parties executing the original leases and does not appear by either allegation or proof to have succeeded to the rights of any of these lessors. Hammer defaulted and the point is raised by the lessees only, but they have failed to show, so far as this record is concerned, that the proof does not support the finding that all the lessors of record joined in the written notices of forfeiture. Other points do not require consideration.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.