[Civ. No. 6118. First Appellate District, Division Two.—March 14, 1928.]

BAYSIDE LAND COMPANY (a Corporation), Appellant, v. HENRY R. DABNEY, Respondent.

Bordwell & Mathews and Odell S. McConnell for Appellant.

I. Henry Harris for Respondent.

NOURSE, J.—This is an appeal from a judgment adverse to plaintiff in an action to quiet title to certain lands situated in Orange County which were held by the defendant under an oil-drilling lease.

The lots owned by this company were leased to the defendant Dabney by written lease dated October 24, 1921, for a term of twenty years. In this lease the company was designated as the "lessors" and the "parties" of the first part. By the terms of the lease these lessors gave permission to

the lessee to enter into subsequent leases with the owners of other lots which were separately described in the original lease and these lessors covenanted that in the event such subsequent leases were made they would agree to share the royalties to be paid under their lease with any or all lots included in the subsequent leases in the proportion which such lots bear to the total number of lots included in the original lease. Subsequent leases were made with the owners of 13 lots and in each of said leases the owners of these lots were described as the lessors thereof and they separately agreed to be bound by the terms of the original lease executed by the Bayside Land Company.

The trial court found that the lease was executed between the company and the defendant Dabney as alleged and required the lessee to drill a well to a depth of 4,000 feet unless oil in paying quantities was obtained before reaching that depth; that defendant had drilled only one well to a depth of 3,050 feet which had not produced any oil or other kindred substances; that he thereupon completely suspended all drilling operations and had failed for a period of more than three months prior to the commencement of the action to do any drilling. ██ Upon these grounds the court held that the defendant had breached the terms and conditions of his lease but that the notice required by section 13 thereof was insufficient because the lessors who executed the three subsequent leases had not joined with the plaintiff therein.

On this appeal the whole case is submitted upon the authority of *Jameson* v. *Chanslor-Canfield Midway Oil Co.*, 176 Cal. 1 [167 Pac. 369]. The case has no application to the facts before us. It was there held that where a lease executed by three joint lessors in which the three were designated as the parties of the first part and in which the right to elect to claim a forfeiture was reserved to the "parties of the first part" such forfeiture could not be claimed by two of the joint lessors over the objection of the third. The case was decided upon the strict interpretation of the terms of the lease, the court saying: "We are not dealing with the rights and remedies secured to the lessors by force of the law, but with the rights which they secured to themselves by the provisions of their contract. They attempted to lay the foundation for a forfeiture by proceeding under their con-

tract, which requires the joint action of all the lessors to accomplish that result. The contract does not permit it to be done by less than all the lessors." Here we have an original lease executed by a corporation alone in which the corporation is designated as "parties of the first part and lessors" and in which the corporation is designated and referred to throughout the lease in the plural as "lessors" and in which the company specifically authorizes the lessee at his option to join other lots in his lease and agrees to share the royalties to be paid under the lease to such other lots as the lessee may bring in. Following the execution of this lease the lessee executed three separate leases with individual owners who in each case were described as the parties of the first part and the lessors of the lots described. By the terms of these leases these subsequent lessors bound themselves to the terms and conditions of the company lease which was made a part of the subsequent leases, but it should be borne in mind that beyond the covenant to share the royalties with the subsequent lessors the corporation lessor in the original lease did not bind itself to the terms of any of these subsequent leases. They were separate and distinct instruments which could be enforced or canceled according to the will of the parties executing them and without the consent or interference of the lessor under the original lease. When, therefore, the original lessor reserved to itself the right to claim a forfeiture under the terms of section 13 of its lease this right was not lessened or defeated by the subsequent joinder of other parties in the distribution of the royalties under these subsequent leases. As said in the Jameson case, it is not a question of the rights and remedies secured to the parties under the law, but it is a question of what the parties have covered by their own contract.

Another feature of the Jameson case will serve to distinguish it from the case presented here. In that case the lessors were all tenants in common of the entire tract leased, and, though it was intimated in the opinion that under sections 382 and 384 of the Code of Civil Procedure, a number of tenants in common less than all might sue jointly or severally, it was held that the parties to the lease could not have intended to give to any number less than all the right to claim a forfeiture because, the rights of the lessors being

indivisible, this would require the lessee to perform all the covenants of the lease in behalf of the minority of the tenants in common, and they, in turn, would be required to contribute a proportionate share of the benefits to their cotenants who had claimed a forfeiture. This situation could not arise here. The original lease designated 20 drilling locations upon which alone the lessees were permitted to drill for oil. No one of these locations contained any lots of the subsequent lessors. They were all owners in fee of separate lots which were described in the lease and which were joined for the purpose of minimizing the necessity of sinking "offset" wells. The relation of tenants in common between the corporation and the subsequent lessors did not exist, but we have a case where the subsequent lessors, in consideration of the right to participate in the royalties payable on the oil produced on the lands of the corporation, agreed that they would not suffer wells to be drilled upon their own lands.

Giving the strict interpretation to the contract which is required in cases of forfeiture, we have the express provision that the lessor named in the lease is authorized to claim a forfeiture under certain conditions, and we find nothing in the contract which would justify an interpretation that because other parties were permitted to participate in the royalties by reason of subsequent contracts the contractual rights and liabilities of the parties to the original lease have in any way been altered.

The error lies in the conclusion of the trial court that the notice given was insufficient as a matter of law. The findings of fact are sufficient to support a judgment in favor of appellant and a new trial will not, therefore, be required.

Judgment reversed, with directions to enter judgment for the appellant.

Koford, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.