[Civ. No. 9718.   First Appellate District, Division One.—May 22, 1936.]

CHARLES NOACK, Plaintiff and Appellant, v. I. ZELLER-BACH et al., Defendants and Respondents; I. ZELLER-BACH, Defendant and Appellant.

Marshall B. Woodworth, Russell P. Tyler, Carlos R. Freitas and Jerome A. Duffy for Plaintiff and Appellant.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Defendant and Appellant.

KNIGHT, J.—The plaintiff, Charles F. Noack, moves to recall the *remittitur* issued in the above-entitled cause and to "amend and correct" the judgment on appeal which is embodied in the concluding paragraph of the court's opinion, upon the ground that the judgment on appeal does not conform to the rulings of the court as expressed in its opinion. (*Noack* v. *Zellerbach et al.*, 11 Cal. App. (2d) 186 [53 Pac. (2d) 986].)

The complaint in the action contained two counts. The first was for the recovery of the value of fish confiscated by two deputy fish and game commissioners. The second was for loss of profits which plaintiff claims he would have made in catching and selling like fish but for certain threats made by three other deputies that he would be arrested and his fish confiscated if he brought them into the state jurisdiction during the closed season. The answering defendants in the action were I. Zellerbach, one of the three members of the commission, and the three deputies who made the alleged threats. The remaining two commissioners were named parties defendant, but evidently were not served with summons; and the two deputies who confiscated the fish were not sued. The trial court held that plaintiff was entitled to recover against the commissioner, I. Zellerbach, under the first count for the value of the confiscated fish, but was not entitled to recovery under the second count as against either the three deputies who made the threats or the commissioner. Judgment in the trial court was entered accordingly. ■ The commissioner, Zellerbach, appealed from that part of the judgment rendered against him on the first count, and plaintiff appealed from that part of the judgment rendered against him on the second count, and on the appeal it was held that the commissioner, Zellerbach, was not liable on either count; but in arriving at such conclusion the court in its opinion went on to say, among other things, that "since the confiscation and threats were not justified . . . the deputies were liable in tort for damages caused plaintiff thereby". The judgment on appeal was as follows: "The judgment [of the trial court] is reversed and the trial court is ordered to correct its conclusion of law as to his [Zellerbach's] liability for the value of the salmon so that it will conclude that he is not so liable and thereupon enter judgment in his favor on both counts of the complaint. (*Estate of Lee*, 200 Cal. 310 [253

Pac. 145] ; *Quigley* v. *Nash,* 1 Cal. (2d) 502 [36 Pac. (2d) 112] ; *Bayside Land Co.* v. *Dabney,* 90 Cal. App. 122 [265 Pac. 564].) "

Plaintiff contends in support of his present motion that because of the view expressed in the opinion that the deputies who made the alleged threats were liable to plaintiff for damages caused thereby, the judgment on appeal should have directed also that the trial court correct its conclusions of law and enter judgment in plaintiff's favor and against them accordingly. Assuming that the state of the record on appeal would have so warranted, such directions were not given; and even though this court were inclined now so to direct, it is quite evident we have no such power for the reason that this court has long since lost jurisdiction either to alter or amend its judgment on appeal or any part of the opinion upon which it is based. As declared in substance by section 4 (c) of article VI of the State Constitution, the judgment of the District Court of Appeal, so far as that court is concerned, becomes final in all civil cases upon the expiration of thirty days after the same shall have been pronounced, and becomes final also so far as the Supreme Court is concerned unless within thirty days after the judgment becomes final in the District Court of Appeal the Supreme Court shall order the cause to be heard and determined in that court. The record in the present case discloses that the judgment on appeal was pronounced on January 10, 1936, and that on March 9, 1936, the Supreme Court made its order denying plaintiff's petition for a hearing of the cause before that court. Obviously, therefore, said judugment on appeal and the opinion upon which it is based thereupon became final as to both reviewing courts.

Plaintiff further contends that if the judgment on appeal is allowed to stand in its present form it will in effect deprive plaintiff of the right to re-try the second count against the three deputies who made the threats, notwithstanding that the opinion on appeal declares they are liable in tort for damages caused plaintiff by said threats, because no specific order of reversal was made as to them. We are not in accord with this view. There was but one judgment rendered in the trial court, which, by the opening clause of the judgment on appeal, is ordered reversed; and if the judgment on appeal had gone no further, the cause would

have been set at large for retrial as to all defendants on all issues, for the reason that where a judgment is reversed without qualification it is entirely vacated and without any validity or force; the proceeding is left where it stood before the erroneous judgment was entered; and the parties stand in the same position as if no such judgment had been rendered, and are entitled to the same rights they had originally. (*Ferran* v. *Mulcrevy,* 9 Cal. App. (2d) 129 [48 Pac. (2d) 984]; 2 Cal. Jur. 996, 997, and cases cited therein.) But the judgment rendered on appeal did go further. It directed that with respect to Zellerbach's liability the trial court's conclusions of law be corrected so as to declare that he was not liable on either count "and thereupon enter judgment in his favor on both counts . . . " These directions, however, as will be seen, were restricted to the liability of Zellerbach, and in no way affected or purported to affect the unqualified reversal of the trial court's judgment as to said three deputies. Consequently, as to them the cause of action stated in the second count was set at large for retrial. (*Central Sav. Bank* v. *Lake,* 201 Cal. 438 [257 Pac. 521]; *Monson* v. *Fischer,* 219 Cal. 290 [26 Pac. (2d) 6].)

The motion is denied.

Cashin, J., concurred.

Tyler, P. J., deeming himself disqualified, did not participate.