[Civ. No. 15265.  Second Dist., Div. Two.  June 24, 1946.]

KAREN JUNE SERWAY, a Minor, etc., et al., Respondents, v. JUNE GALENTINE, Appellant.

Alfred D. Haines and John A. Westwick for Appellant.
W. P. Butcher and Dickson Montgomery for Respondents.

WILSON, J.—The purpose of this action is to obtain a decree that plaintiff Karen June Serway, now three years of age, is the legitimate child of plaintiff Stanford S. Serway. Defendant, the mother of the child, contested the action but furnished the evidence that indubitably sustains the findings and judgment in favor of plaintiffs.

Defendant was married to one Thomas Galentine on May 2, 1939, and lived with him as his wife until July 6, 1942. She gave the following testimony: In March, 1942, plaintiff Stanford Serway began living at the Galentine home in Los Angeles and while residing there had sexual intercourse with defendant on several occasions; about July 1, 1942, she gave birth to a child of which her husband was the father; she went home from the hospital with her baby on July 4, 1942; her husband was absent at the time; he returned on July 6, and immediately left their home and thereafter never had sexual intercourse with her; a few days later defendant and Serway went to Santa Barbara where they continued their illicit relations; defendant became pregnant in October, 1942; plaintiff Stanford Serway is the father of plaintiff Karen, who was born on July 15, 1943; when Karen was born defendant had her name inserted in the birth certificate as ''Karen June Serway'' and named plaintiff Stanford Serway as the father; defendant filed an action for divorce against her husband and obtained an interlocutory decree of divorce in November, 1943.

Upon this evidence and that hereinafter referred to the court found and adjudged that plaintiff Stanford Serway is the father of plaintiff Karen, that he adopted her as his daughter under the provisions of section 230 of the Civil Code, and that she shall at all times hereafter be treated as and deemed to be the legitimate daughter of said plaintiff Stanford Serway.

1. *The presumption of legitimacy.* Plaintiff Karen having been born prior to the entry of the interlocutory decree of divorce, appellant argues that she was born in wedlock and is therefore presumed to be legitimate. Section 193 of the Civil Code reads: ''All children born in wedlock are presumed to be legitimate.'' But this is a disputable presumption and may be overcome by evidence rebutting it. Section 195 provides that illegitimacy may be proved like any other fact. Defendant's evidence that she had no sexual relations with her husband after the birth of her first child, more than one year prior to the birth of plaintiff Karen,

negates the presumption of the legitimacy of the latter. Likewise her evidence of her continued intimacy with plaintiff Stanford Serway and the absence of evidence that any other man had access to her establish the fact that he is the father of Karen.

2. *May the action be maintained by plaintiffs or either of them?* Section 195 of the Civil Code provides: "The presumption of legitimacy can be disputed only by the husband or wife, or the descendant of one or both of them. . . ."

Since plaintiff Stanford Serway is not within the classifications named in said section he cannot maintain the action and is not a proper party plaintiff.

Plaintiff Karen is a descendant of defendant who was the wife of Thomas Galentine when Karen was born and is one of those permitted by said section to maintain such an action. By bringing the action she disputes her legitimacy. The fact that she is represented by Stanford Serway as her guardian *ad litem* does not militate against the prosecution of the action by her. As guardian he is not a party to the action. (*Ocean Acc. & Guar. Corp.* v. *Industrial Acc. Com.*, 88 Cal.App. 369, 372 [263 P. 823]; *O'Shea* v. *Wilkinson*, 95 Cal. 454, 456 [30 P. 588].) The court is, in effect, the guardian of the minor and the guardian *ad litem* is but an officer and representative of the court. (*Cole* v. *Superior Court*, 63 Cal. 86, 89 [49 Am.Rep. 78].) In such a case it will be presumed that the court will look to the best interests of the child and will render a decree that will establish and preserve her rights.

Defendant cites *Eloi* v. *Mader*, 1 Rob. (15 La.) 581 [38 Am. Dec. 192], holding that a person born in marriage cannot be permitted to repudiate his own legitimacy. This was once a principle of the civil law (p. 584), but in view of the express authorization of this action by section 195 of our Civil Code, the Eloi case is not in point. In *In re Madalina*, 174 Cal. 693 [164 P. 348, 1 A.L.R. 1629], and *Estate of Lee*, 200 Cal. 310 [253 P. 145], the legitimacy of the person involved was not attacked by either husband or wife or by a descendant of either. In the Madalina case legitimacy was assailed by the People of the State of California in a prosecution for nonsupport of the alleged illegitimate child, and in the Lee case the legitimacy of the alleged daughter of the decedent was disputed by persons not within the classification specified in section 195.

There is express statutory authority for a denial by a child of its legitimacy: (1) The duty devolves upon the father of an illegitimate minor child to provide for its support and education and the child may maintain an action against the father to enforce that duty. (Civ. Code, § 196a; *Kyne* v. *Kyne,* 38 Cal.App.2d 122 [100 P.2d 806] ; *Carbone* v. *Superior Court,* 18 Cal.2d 768 [117 P.2d 872, 136 A.L.R. 1260] ; *Berry* v. *Chaplin,* 74 Cal.App.2d 669 [169 P.2d 453].) (2) "An action may be brought for the purpose of having declared the existence or nonexistence between the parties of the relation of parent and child, by birth or adoption." (Civ. Code, § 231.) An action to that end may be prosecuted by the child. (*Pasquale* v. *Pasquale,* 219 Cal. 408, 409 [27 P.2d 76].) Such is the purpose of the instant action on the part of plaintiff Karen.

■ The mother of the child, who was the wife of Galentine when Karen was born, is a party defendant and under section 195 may dispute the legitimacy of her offspring. While she has made a defense in this action by filing an answer denying many of the allegations in the complaint, she has nevertheless attested Karen's illegitimacy by freely giving the testimony hereinabove outlined.

3. *Sufficiency of the evidence to sustain the finding of adoption.* ■ Section 230 of the Civil Code provides: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth." All of the five elements necessary to the establishment of Karen's claim of legitimation are sustained by the evidence: (1) That she is an illegitimate child; (2) that Stanford Serway is her natural father; (3) that he publicly acknowledged himself to be her father; (4) that he received her into his family (he was unmarried) as his child; (5) that he otherwise treated her as his legitimate child. (*Estate of Flood,* 217 Cal. 763, 767 [21 P.2d 579] ; *Estate of Baird,* 193 Cal. 225, 274 [223 P. 974] ; *Estate of Gird,* 157 Cal. 534, 540 et seq. [108 P. 499, 137 Am.St.Rep. 131].)

■ The "family" referred to in section 230 may consist only of the father, the mother and the child (*Estate of Gird, supra; Estate of McNamara,* 181 Cal. 82, 98 [183 P. 552, 7 A.L.R. 313]) or of the father and child alone. (*Estate of Jones,* 166 Cal. 108, 115 [135 P. 288].)

After Karen was born Stanford Serway and defendant lived together as husband and wife for several months and the child lived with them; Serway introduced defendant to other persons as his wife; he brought defendant as his wife to an auto court where they registered as Mr. and Mrs. Serway and lived for several months; she was known as Mrs. Serway and by no other name; he paid for rent, groceries and doctor's services; in a previous action between defendant and Serway a stipulation was entered into relating to the right of the latter to visit the child and his obligation to pay for her support; at the auto court he referred to Karen as his daughter, played with her when he came home in the evening, and showed paternal affection for her. This evidence and the evidence of paternity heretofore related establish all of the facts required by said section 230 and referred to in *Estate of Baird, supra.*

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.