[Civ. No. 22111.   First Dist., Div. Three.   Mar. 2, 1965.]

Adoption of ALETA ANGEL STROOPE, a Minor. ALETA ANGEL STROOPE, a Minor, etc., et al., Plaintiffs and Respondents, v. HAROLD D. STROOPE, Defendant and Appellant.

Martin & Anthony and Jack N. Martin for Defendant and Appellant.

Hardy, Carley, Love & Heyler and Charles J. Heyler for Plaintiffs and Respondents.

SALSMAN, J.—Bernard R. Pratz filed a petition to adopt his wife Mildred's natural daughter, Aleta Angel Stroope, a minor. Mildred and Aleta joined in the action and sought a declaration that appellant Harold D. Stroope, Mildred's former husband, was not the father of Aleta, and praying that Mildred be granted sole custody of Aleta. The trial court

granted the relief prayed for and enjoined appellant Harold D. Stroope from asserting parental rights over Aleta.

There was evidence that appellant Harold and respondent Mildred were married on February 14, 1947. A son, Harold Dean, was born to them on November 19, 1951. In January 1952 appellant Harold submitted to a vasectomy operation, and the intended effect of this operation was to render appellant sterile. Mildred and Harold separated in June 1957, but reconciled in September of the same year. Aleta was born May 2, 1958. Mildred and Harold separated again in September 1958. In June 1959 Mildred sued Harold for divorce in the superior court in Sacramento County. On December 30, 1959, that court granted each party an interlocutory decree of divorce from the other. In her complaint for divorce Mildred alleged that there were two children the issue of her marriage to appellant, and the court found that there were "two minor children the issue of said marriage, namely HAROLD DEAN STROOPE, II . . . and ALETA ANGEL STROOPE. . . ."

On April 14, 1961, Mildred married the petitioner Bernard R. Pratz. On November 9, 1962, the superior court in Sacramento County modified and expanded appellant's visiting rights as to Aleta originally granted by the interlocutory decree of divorce. Bernard R. Pratz then filed his petition in the superior court in Santa Clara County seeking to adopt Aleta. In effect the superior court in Santa Clara County determined by its judgment that Aleta is not the child of appellant Harold, and granted that she be adopted by petitioner Bernard R. Pratz. Those rulings generate this appeal.

The right of respondents Mildred and Aleta to maintain this action is not open to serious question. ■ It is true that all children born in wedlock are presumed to be legitimate (Civ. Code § 193). This presumption is rebuttable. It may be disputed, however, only by the People of this state in an action pursuant to Penal Code section 270, or by the husband or wife, or by the descendant of one or both of them. (Civ. Code § 195.) Aleta clearly falls within the class of persons permitted to dispute the presumption mentioned in Civil Code section 193. Moreover, the fact that the action is prosecuted by Mildred as guardian *ad litem* of Aleta offers no advantage to appellant. ■ As guardian *ad litem* Mildred is not the real party to the action. The court is in effect the guardian of the minor, and the guardian *ad litem* is but the officer and representative of the court. It is Aleta's rights

that are to be considered and protected here. (*Serway* v. *Galentine,* 75 Cal.App.2d 86, 89 [170 P.2d 32].)

Since it is clear that Mildred and Aleta have standing to maintain this action, the first issue to be met is that raised by Harold's assertion that the decree of the superior court in the divorce action, finding that Aleta is the issue of his marriage with Mildred, is res judicata on the question of paternity, and that hence both Mildred and Aleta are barred from raising that issue in this action.

The doctrines of res judicata and collateral estoppel were explained by the Supreme Court in *Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916]. The court there said: "The doctrine of *res judicata* has a double aspect. A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Here, appellant argues that the question of Aleta's parentage was in issue in the divorce action; respondent Mildred contends it was not.

We have in the record before us a certified copy of Mildred's complaint in the divorce action, and also a certified copy of the interlocutory decree of divorce. As we have previously noted, Mildred alleged in her divorce complaint that there were two children the issue of her marriage to appellant, one of whom was Aleta, and the court found and recited in its interlocutory decree that there were two children the issue of the marriage. Moreover, Mildred's testimony in the instant proceeding establishes that the question of paternity was raised in the divorce action. She testified: "Q. (By Mr. Heyler) Mrs. Pratz, at the time of the trial in the divorce action, did the issue of paternity come up? A. The first thing that I said on the witness stand was that he was not the father of this child." Other references of a similar nature appear throughout Mildred's testimony. ■ It is clearly evident from the record, therefore, that in the divorce action, the issue of Aleta's paternity was raised and adjudicated.

The conclusion of the superior court in Sacramento County that Aleta is the issue of the marriage between appellant Harold and respondent Mildred is not determinative of the issue presented here. Of course, if the issue of Aleta's parentage were to be posed in an action strictly between Mildred and Harold alone, the matter would be res judicata because of the divorce decree. Neither party could relitigate the issue.

(*Garcia* v. *Garcia*, 148 Cal.App.2d 147 [306 P.2d 80]; see also *Adamson* v. *Adamson*, 209 Cal.App.2d 492 [26 Cal.Rptr. 236].) But that is not the precise question presented by this appeal. Here it is Aleta, the child of Mildred, who asserts that appellant Harold is not her natural father. Aleta was not a party to the divorce action, and she is not bound by the determination of her status made in that proceeding. (*Gonzales* v. *Pacific Greyhound Lines*, 34 Cal.2d 749, 753 [214 P.2d 809]; see also, *Adamson* v. *Adamson, supra,* 209 Cal.App.2d 492, 501; *Daniels* v. *Daniels,* 143 Cal.App.2d 430, 438 [300 P.2d 335].) The divorce decree is not res judicata as to her, nor is she estopped thereby from contesting the question of her legitimacy.

Appellant argues that the conclusive presumption established by Code of Civil Procedure section 1962, subdivision 5, is applicable here. That section reads: "Notwithstanding any other provision of law, the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate. . . ." The trial court made a finding that "Defendant did not cohabitate [*sic*] with plaintiff Mildred I. Pratz during the period from on or about June 25, 1957 to on or about October 1, 1957." Appellant asserts that there is insufficient evidence to support this finding.

The term "cohabiting" as used in Code of Civil Procedure section 1962, subdivision 5, simply means the living together of a man and woman ostensibly as husband and wife. (*Estate of Mills,* 137 Cal. 298, 301 [70 P. 91, 92 Am.St.Rep. 175]; see also *Kusior* v. *Silver,* 54 Cal.2d 603, 616 [7 Cal. Rptr. 129, 354 P.2d 657].) If lack of cohabitation is established during the period of possible conception then the presumption stated in Code of Civil Procedure section 1962, subdivision 5, is not applicable. (*Madden* v. *Madden,* 160 Cal. App.2d 422, 424 [325 P.2d 538]; *Kusior* v. *Silver, supra,* 54 Cal.2d 603, 611.) Here the evidence supports the finding of the trial court. The evidence is that Aleta was born May 2, 1958. Mildred testified that she separated from appellant about the 23rd or 25th of June, 1957, and lived separate and apart from him until the latter part of September or the first part of October 1957. She further testified that she saw appellant only once during the period preceding their reconciliation; that on August 14, 1957, she had intercourse with another man and became pregnant. Harold admitted he knew of Mildred's pregnancy before their reconciliation. His testimony differed from that of Mildred principally in his asser-

tion that the parties engaged in marital relations about the 15th or 20th of August 1957 and "moved back together" two or three days later. Mrs. Lathrop, called as a witness by Mildred, gave testimony which tended to support Mildred's account of the duration of the separation. She testified that she visited Mildred's home several times between August 19th or 20th and September 14th but did not see appellant in the home. It is evident that substantial evidence supports the trial court's finding that the parties did not cohabit together as husband and wife between June 25th and October 1, 1957. Mildred's testimony, supported to some extent by that of Mrs. Lathrop, was believed by the trial judge, while the contrary testimony of appellant was rejected. ▮▮ Since substantial evidence supports the trial court's conclusion that appellant and respondent Mildred were not cohabiting as husband and wife when Aleta was conceived, we may not reject that conclusion on appeal. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

Although the conclusive presumption established by Code of Civil Procedure section 1962, subdivision 5, is not here applicable, the rebuttable presumption of legitimacy described in Civil Code section 193 must be further considered in light of the evidence in the record before us. The trial court found that "Defendant . . . at all times since on or about January 25, 1952, has been sterile and physically unable to conceive children." We need only to determine whether the evidence is sufficiently substantial to support this finding.

▮▮ Illegitimacy may be proved like any other fact. It is not necessary that the evidence be conclusive, or even clear or convincing, although it must be substantial if the finding is to stand. ▮▮ Here the evidence to support the finding of appellant's sterility, and hence necessarily the illegitimacy of Aleta, was this: Appellant admits the vasectomy operation, and concedes its intended effect. He testified that, following the operation, he engaged in marital relations with his wife Mildred for several years, without the use of contraceptives, and with no fertile result. There was medical evidence to the effect that a vasectomy operation involves severance of the vas deferens cords. The doctor who performed the operation upon appellant testified in effect that the chances of reconstitution of the severed cords and hence the reestablishment of fertility were one in thousands; that in the several hundred similar operations performed by him he had experienced no occurrence of reconstitution and had no first-hand

knowledge of any medical case reporting such an event. This is substantial evidence sufficient to rebut the presumption mentioned in Civil Code section 193, and fully supports the trial court's finding that appellant is not the father of Aleta.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.