Filed 2/22/22  Marriage of Walther CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| In re Marriage of HOWARD and KIRA WALTHER. | 2d Civil No. B309062 (Super. Ct. No. 20FL00586) (Santa Barbara County) |
| HOWARD WALTHER,<br><br>    Appellant,<br><br>v.<br><br>KIRA NEILSON,<br><br>    Respondent. | |

In April 2017 a stipulated final judgment of dissolution was entered dissolving the 18-year marriage of Howard Walther (appellant) and Kira Walther (respondent).[1]  Approximately three years later in March 2020, appellant filed the petition seeking to annul his already dissolved marriage.  The petition seeks to

---

[1] In her brief respondent states that she "has . . . remarried and her last name is now Neilson."

nullify his dissolved marriage on the ground that respondent had committed fraud and bigamy. Proceeding in propria persona, appellant purports to appeal from a judgment of dismissal entered after the trial court had sustained respondent's demurrer without leave to amend and had struck the petition as a "sham pleading." We affirm because the stipulated final judgment of dissolution operates as res judicata on the issue of the legality of the parties' marriage. It conclusively establishes that they were legally married and that the marriage cannot be annulled.[2]

*Trial Court's Ruling*

In an unsigned minute order, the trial court sustained the demurrer on several grounds: (1) the statute of limitations for filing the petition had expired; (2) the judgment of dissolution operated as res judicata "not only to the parties' status with relation to each other, but also of all issues that were litigated or that could have been litigated therein"; (3) the petition for nullification was moot because the parties were no longer married; and (4) the allegations concerning respondent's bigamy were speculative and devoid of any factual basis. The court struck the petition "as a sham pleading" because appellant had "pled facts [in the petition] that contradict the facts and position that he pleaded in earlier actions . . . [thus] prov[ing] the pleaded facts [in the petition] false." The court issued a signed statement of decision incorporating the unsigned minute order.

---

[2] This is appellant's third appeal concerning his marriage to respondent. (See *In re Marriage of Walther* (Aug. 17, 2016) B267209 [non-pub. opn.]; *In re Marriage of Walther* (Nov. 30, 2015) B260104 [non-pub. opn.].)

*Notice of Appeal*

In the notice of appeal, appellant placed an "x" in a box indicating that he was appealing from a "[j]udgment of dismissal after an order sustaining a demurrer." But the record on appeal does not contain a judgment of dismissal, and the register of actions shows that no such judgment was entered. "An order sustaining a demurrer is not appealable absent an order dismissing the complaint. . . . Because the case has been fully briefed . . . , we deem the order sustaining the demurrer[] [without leave to amend] to incorporate a judgment of dismissal . . . ." (*Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1022.)

*Respondent's Motion to Augment the Record*
*or, in the Alternative, to Take Judicial Notice*

Respondent filed a motion requesting that this court augment the record to include two documents. The first is a reporter's transcript of a hearing conducted in the prior dissolution proceeding, case number 1440419, on September 30, 2016. During the hearing, the parties stipulated to a settlement of the dissolution proceeding. The parties understood that the settlement would be incorporated into a judgment. At the conclusion of the hearing, the court ordered the marriage dissolved as of the date of the hearing.[3]

---

[3] The following colloquy occurred between the court and respondent:

"[THE COURT:] . . . [I]t's your desire to have your marriage dissolved today?

"[RESPONDENT:] Yes, it is.

"THE COURT: Very well. The marriage is dissolved as of today's date [September 30, 2016]."

The second document is the stipulated judgment of dissolution entered on April 29, 2017. The judgment states that the parties' marital status ended on September 30, 2016, the date of the prior hearing.

Appellant has filed opposition to the motion for augmentation. We deny the motion because neither document was "filed or lodged in the case in superior court," i.e., the case involving the petition for nullification of the marriage. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

In the alternative, respondent requests that we take judicial notice of the documents pursuant to Evidence Code section 452, subdivision (d), permitting judicial notice of court records, and Evidence Code section 459, subdivision (a), permitting the reviewing court to "take judicial notice of any matter specified in Section 452." (Evid. Code, § 459.)

Appellant opposes the request for judicial notice because the documents were not before the trial court when it ruled on the demurrer. (See *Shuts v. Covenant Holdco LLC* (2012) 208 Cal.App.4th 609, 622, fn. 7 ["What was not before the trial court when it ruled on Covenant's demurrer to plaintiffs' [complaint] is the compilation of documents included in plaintiffs' request for judicial notice . . . . For this reason, we decline to take judicial notice of these documents"].)

Although the documents were not physically before the trial court when it ruled on the demurrer, the court in effect considered the content of these documents. In its ruling the court stated, "[O]n 9/30/2016 a judgment of Dissolution of Marriage was already entered by the Court in the matter of Kira Walther v. Howard Walther, Case No. 1440419 . . . . [The parties' marriage was dissolved on 9/30/2016, but a judgment of

4

dissolution was not entered until April 29, 2017.] The Court finds that the judgment is res judicata . . . ." Since the trial court in effect considered the content of the documents, we conclude it is appropriate to judicially notice the actual documents.

*Standard of Review*

"A demurrer tests the legal sufficiency of factual allegations in a complaint. [Citation.] A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory. [Citations.]" (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 78.)

"[W]e apply the de novo standard of review in an appeal following the sustaining of a demurrer . . . ." (*California Logistics, Inc. v. State of California* (2008) 161 Cal.App.4th 242, 247.) "[W]e assume the truth of all facts properly pleaded in the complaint and its exhibits or attachments, as well as those facts that may fairly be implied or inferred from the express allegations. [Citation.] 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' [Citation.]" (*Cobb v. O'Connell* (2005) 134 Cal.App.4th 91, 95.) "We . . . consider matters that may be judicially noticed . . . ." (*Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 279.)

When "a demurrer has been sustained without leave to amend, unless failure to grant leave to amend was an abuse of discretion, the appellate court must affirm the judgment if it is correct on any theory. [Citations.] If there is a reasonable possibility that the defect in a complaint can be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend. [Citation.] The burden is on the

5

plaintiff . . . to demonstrate the manner in which the complaint might be amended." (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)

*Distinction Between Nullification*
*and Dissolution of Marriage*

"[D]issolution of marriage and nullity of marriage are premised on inconsistent contradictory harms suffered: Based on grounds that *arise after the marriage*, a dissolution action is brought to terminate a *valid marriage*; based on grounds that *arose prior to* the alleged marriage, a nullity action is brought to determine *whether a valid marriage ever existed*." (*In re Marriage of Garcia* (2017) 13 Cal.App.5th 1334, 1348.) "Very simply, 'a judgment of dissolution terminates a valid marriage,' whereas 'a judgment of nullity declares that the marriage was void from its inception.'" (*Ibid*.) "Thus, a judgment of nullity 'has been said to "relate back" and erase the marriage and all its implications from the outset.'" (*In re Marriage of Seaton* (2011) 200 Cal.App.4th 800, 807.)

*The Doctrine of Res Judicata Operates to*
*Bar Appellant's Petition for Nullification*

The stipulated final judgment of dissolution is dispositive of this appeal. "A final judgment dissolving a marriage, as between the parties to the action, is res judicata of their status with relation to each other, and it determines conclusively, as between the parties, that they were legally married before the judgment regardless of the true fact." (33 Cal.Jur.3d (Nov. 2021 update) Family Law § 784.) "[A] final decree of divorce conclusively determines, as between the parties thereto, that they were legally married; and this regardless of the true fact [citations] and seemingly despite the most flagrant fraud practiced by one of the parties. Such being the case, the decree of

6

divorce may not be collaterally attacked by the parties thereto, and all the facts therein found or necessary to be found, such as the fact of marriage, are conclusive upon the parties in subsequent proceedings whether they pertain to divorce or not." (*Petry v. Petry* (1941) 47 Cal.App.2d 594, 595; see also *In re Lee's Estate* (1927) 200 Cal. 310, 314; *Blumenthal v. Blumenthal* (1929) 97 Cal.App. 558, 561.)

Thus, appellant's petition for nullification of the marriage fails to state a cause of action because the stipulated final judgment of dissolution conclusively establishes that the parties were legally married. We need not consider the other grounds upon which the trial court relied in sustaining the demurrer without leave to amend. Nor need we consider the trial court's order striking the petition as a sham pleading or respondent's argument that appellant "waive[d] . . . his right to contest the validity of the marriage by stipulating to dissolve it."

*Appellant's Remaining Contentions*

In part IV of his opening brief, appellant raises several additional claims of trial court error that we need not discuss. If the trial court erred, appellant has failed to show that the errors were prejudicial, i.e., "'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.'" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) Without a showing of prejudice, any error was harmless and therefore cannot justify a reversal of the judgment. (*Id.* at pp. 800-801; Cal.Const., art. VI, § 13; Code Civ. Proc., § 475.) "[T]he burden to demonstrate prejudice is on the appellant." (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 528.)

*Disposition*

The judgment of dismissal is affirmed.  Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED.


                                        YEGAN, J.


We concur:



GILBERT, P. J.



PERREN, J.


8

Donna D. Geck, Judge

Superior Court County of Santa Barbara

_____

Howard Walther, in pro. per., for Appellant.

Law Offices of Stephanie J. Finelli and Stephanie J. Finelli, for Respondent.