[Civ. No. 3310. Third Appellate District.—September 26, 1927.]

J. M. JONES et al., Respondents, v. JOSEPH ALAMEDA, Appellant.

Louttit, Stewart & Louttit and Louttit & Marceau for Appellant.

R. C. Pardoe for Respondents.

PLUMMER, J.—Judgment annulling marriage of Alice Jones Alameda to Joseph Alameda was entered in this case, and from this judgment the defendant appeals.

The original complaint filed in this action was by J. M. Jones, the father of the minor, Alice Jones Alameda. A demurrer to this complaint was sustained with leave to amend. Thereafter, an amended complaint was filed joining Alice Jones Alameda, a minor, as party plaintiff, the minor appearing by her guardian *ad litem*. The defendant demurred to the final amended complaint filed by the plaintiffs, and also interposed a motion to strike out the amended complaint. The motion was directed also to particular paragraphs of the amended complaint. The defendant's motion was denied, his demurrer overruled, and thereupon the defendant answered plaintiffs' final amended complaint. Certain extraneous matters were set forth in the defendant's answer which need not be considered herein. The points made for reversal herein are that the minor could not be brought in as a party plaintiff by an amended complaint; that the amended complaint does not state sufficient facts to constitute a cause of action; and that there was no proof introduced of the appointment of J. M. Jones as guardian *ad litem* of the minor.

The amended complaint contains the following allegations which we will epitomize: That the plaintiffs appeared by

leave of the court first had and obtained and filed their amended complaint and alleged, first, that the plaintiffs are residents of the county of San Joaquin, state of California; second, that Alice M. Jones Alameda is under the age of eighteen years, to wit, of the age of fifteen years; third, that on the twenty-ninth day of July, 1925, at Stockton, the above-named J. M. Jones was, by order duly given and made by the superior court of the state of California, in and for the county of San Joaquin, appointed the guardian *ad litem* of the above-named Alice Jones Alameda, for the purposes of this action; fourth, that on the twenty-ninth day of May, 1925, at the city of Columbia, county of Tuolumne, state of California, the said Alice Jones Alameda intermarried with the defendant, Joseph Alameda; fifth, that at the time of her said marriage the said Alice Jones Alameda was residing with her parents near Ripon, in the county of San Joaquin, state of California; that at the time of her marriage she was under the age of sixteen years, to wit, of the age of fifteen years, and that her said marriage was contracted and consummated without the consent and against the will of her parents; sixth, that the said J. M. Jones is the father of Alice Jones Alameda, plaintiff above named, and joins with her as a parent and as guardian *ad litem* in maintaining this action, and that until the time of her marriage as above stated the said Alice Jones Alameda resided with and has been under the care, custody, and charge of her said parents, and still is under the care, custody, and charge of her said parents. The prayer of the complaint asks a decree of the court annulling said marriage on the ground of the minority of the said Alice Jones Alameda.

The defendant's motion, as set forth in the transcript, asks the court to strike out all of the various six paragraphs, moving the court for the striking out of each one of them separately, or as separately specified. A reading of the amended complaint leads inevitably to the conclusion that the motion was properly denied. The complaint sets forth all the substantial facts necessary to show a cause of action. The motion is also made to strike out the complaint on the ground that it is improper to bring in an additional plaintiff by way of an amended complaint; also, on the further ground that leave had not been obtained to file an amended complaint bringing in an additional party

plaintiff. The demurrer goes to the sufficiency of the complaint in stating a cause of action, and objection is also made that two causes of action are improperly joined.

██ Whatever the rule may formerly have been under the old common-law practice and under the strict rules of pleading as laid down in some of the early cases, the contention of the appellant as to bringing in an additional party plaintiff by an amended complaint is squarely answered by the cases cited in support of the rule stated in section 34 of 20 California Jurisprudence, page 537. It is there said: "New parties may also be brought in by amended and supplemental proceedings after order of the court therefor. Where the plaintiff obtains leave to amend generally, he may join a proper party defendant without any special permission so to do. And it is held the court may allow the complaint to be amended by adding the name of another party plaintiff after the close of plaintiff's evidence if the substantial rights of the parties are not affected." (Citing a number of authorities.) ██ General permission was given to amend in this case, and whether permission was or was not given, in so many words, to the plaintiff to bring into the action as a coplaintiff the minor, Alice Jones Alameda, by her guardian *ad litem,* we think is a technical error, if error at all, which is abundantly covered by section 4½ of article VI of the state constitution, where it is said: "No judgment shall be set aside . . . for any error as to any matter of pleading or for any error as to any matter of procedure, unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that error complained of has resulted in a miscarriage of justice." The testimony in this case shows beyond peradventure that Alice Jones Alameda was only fifteen years of age at the time of the marriage referred to, and that it was entered into between said minor and said defendant without the consent and against the will of the parents of said minor.

██ Appellant's contention that two causes of action have been improperly joined is likewise without merit. Section 83 of the Civil Code sets forth in subdivision 1 the causes of action for which an annulment proceeding may be prosecuted, and also the person or parties who may prosecute such an action, and the time within which such action must be prosecuted. It is only one cause of action which may

be prosecuted by any one of the persons mentioned in subdivision 1 of section 83 of the Civil Code. In other words, two parties have a right to maintain the same cause of action; not that two causes of action may be prosecuted by two different persons. The cause of action and the object to be attained is the annulment of the marriage; simply that, and nothing more. ■ While either the minor or the parent may prosecute the action, both are proper parties, and we think the reasonable construction of the subdivision of the section to which we are referring is that the minor and the parent are proper parties plaintiff in the prosecution of any such action, as the action has for its purpose the accomplishment of one end to which and in which both the minor and the parent are interested.

■ Appellant makes the further objection that the amended complaint does not show that the said J. M. Jones was the guardian *ad litem* of Alice Jones Alameda at the time of filing the amended complaint, in that paragraph III of said complaint simply states that on the twenty-ninth day of July, 1925, at Stockton, the above-named J. M. Jones was, by order duly given and made by the superior court of the state of California, in and for the county of San Joaquin, appointed the guadian *ad litem* of the above-named Alice Jones Alameda for the purposes of this action. Such complaints usually do contain the words or allege that the plaintiff was appointed and now is the duly appointed and acting guardian *ad litem*. This objection reaches the extreme of technicality, and as no possible prejudice could have been suffered by the defendant by reason of the lack of the words "now is," etc., in the complaint, we think a judgment, which the evidence shows is the only one that could be entered, ought not to be disturbed for such a trifling defect in the pleadings. ■ It is likewise urged that there is no showing that J. M. Jones took the oath of office as a guardian *ad litem*. No authorities are called to our attention requiring the guardian *ad litem* to take an oath of office, but as the record is absolutely silent as to whether J. M. Jones did or did not take an oath of office, and also as the record shows that only the papers requested by the appellant are brought up for our consideration, we can only say that if the taking of an oath was necessary, it will be presumed to have taken place.

It is also urged that the appointment of a guardian *ad litem* is an issuable fact and must be alleged and proved. The authorities seem to so hold. There is no testimony introduced in this case concerning the appointment of the guardian *ad litem*, although the judgment-roll contains the petition for and the order of appointment, but we will consider the case from the standpoint that evidence of the application and appointment was not introduced at the trial. But this does not affect the validity of the judgment.

The answer filed by the defendant, in so far as it attempts to raise the question of the appointment of the guardian *ad litem*, is in the following words: "Denies that on the 29th day of July, 1925, or at any other time, at Stockton, or at any other place, that J. M. Jones was, by order *duly* given and made by the superior court of the state of California, in and for the county of San Joaquin, or by any other superior court of the state of California, or any other county, appointed the guardian *ad litem* of Alice Jones Alameda, for the purposes of the action herein." By this denial the defendant did not raise any issue as to the appointment of the guardian *ad litem*, and therefore the allegations of the complaint as to the appointment must be taken as true and justify a finding by the court to that effect. By a careful reading of the defendant's answer, which we have above set forth, word for word, it will be seen that the defendant only denies that the order was "duly" given. This raises no issuable fact and did not tender any question to the court as to the appointment. This has been squarely decided by the supreme court of this state, and one authority from this state only need be cited. In *Miles* v. *McDermott*, 31 Cal. 271, the court, in passing upon the use of the word "duly," as to raising an issuable fact, said: "Probative facts have no place in a pleading and will be stricken out on motion. Omit the word 'duly' from the allegation in question and all cause of criticism is removed. Such words as 'duly,' 'wrongfully' and 'unlawfully,' so frequently used in pleadings, might better be omitted. They tender no issue and serve only to detract from that logical directness and simplicity of statement which ought always to be observed in a pleading, but while they do no good, and should not be used for the

reason suggested, they do not vitiate the pleading for they are but surplusage and may be disregarded.''

■ Judgment in this action went for the minor only, and it has been definitely held in this state that where there are two parties plaintiff and a cause of action in favor of each is set forth in the complaint, and the evidence admitted was relevant to both causes, reversible error is not shown by reason of the presence of a party plaintiff in whose favor no judgment is entered. (*Harker et al.* v. *Southern Cal. Edison Co.*, 83 Cal. App. 204 [256 Pac. 848].) Hearing of this case in the supreme court was denied. That a denial simply that anything was duly performed raises no issue. (See, also, notes 33, 34, and 35, 19 C. J., p. 833, and cases there cited.)

■ It is further urged that there is no court order authorizing the coming in of the minor as a party plaintiff. While we have before touched upon this objection, it may be further stated that the minutes of the court are not presented to us and we cannot determine whether there was or was not an order of the court to such effect, but assuming that there was no such order, we do not think it lays the foundation for any valid objection on the part of the defendant. The minor appeared, and there is no reasonable difference, so far as the defendant is concerned, between the minor appearing as a party plaintiff or in appearing as an intervener under the terms of section 387 of the Code of Civil Procedure. ■ Again, objection is further raised that the amended complaint states a cause of action arising after the filing of the original complaint. This, of course, loses sight of the fact that there is but one cause of action, and that, an action for the annulment of the marriage. The appointment of a guardian *ad litem* does not create another cause of action or give rise to another cause of action. It is simply a method of procedure provided for the minor to join in maintaining the one cause of action. The record shows that the petition for the appointment of the guardian *ad litem* was made by the minor, and was in all respects according to the provisions of section 373 of the Code of Civil Procedure. However, as we have said, in failing to deny the appointment of the guardian *ad litem*, and confining his denial simply to the question that the appointment was not duly

made, the defendant is not in a position to raise any of these questions. Again, the appellant urges that section 83 of the Civil Code, in so far as it purports to authorize a parent to maintain such an action as this, is unconstitutional. We do not see how this question can be raised because if it be admitted that a parent has no such right, and that the cause of action exists only in the minor, the defendaint has no cause of complaint because the minor is a party to this action, and no harm has come to him by joining the father with the minor. The fact to be determined by the court was: Did the defendant contract a marriage with the minor while she was under age, to wit, of the age of fifteen years, without the consent and against the will of the parents? This abundantly appears from the testimony, and is practically undenied.

A number of cases have been cited by the appellant, but as none of them, when properly interpreted and applied, affect the conclusion reached by the trial court, we do not deem it necessary to extend this opinion in an analysis or consideration of the cases presented. This appeal is founded entirely upon technical objections which do not affect any matter of substance tendered to the trial court for determination, and, as we have shown, the errors alleged, if errors, are covered by section 4½ of article VI of the state constitution, it follows that the judgment of the trial court must be, and the same is hereby, affirmed.

Burroughs, J., *pro tem.*, and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 26, 1927.