[Civ. No. 13148.   Second Dist., Div. Two.   Oct. 14, 1941.]

MERCEDES YOLANDA WINSETTE, a Minor, etc., Respondent, v. FREDERICK WINSETTE, Appellant.

C. B. Conlin and L. J. Seay for Appellant.

Edward J. Owen and Edwin F. Franke for Respondent.

MOORE, P. J.—This appeal is upon the judgment roll. Having attained the age of eighteen months, plaintiff through the guardianship of her mother, Natalie Fernandez, sought by this action to establish the fatherhood of defendant.

The complaint alleges, and the court has determined that during the period of about four and one-half months following January 22, 1938, Natalie "at various and sundry times" had sexual intercourse with defendant and with no other man; that, as a result of such intercourse, Natalie gave birth to plaintiff on December 13, 1938; that defendant is plaintiff's father although he was never the husband of Natalie. The answer denies all the allegations of the complaint and *affirmatively declares that during the period of Natalie's immoral errancy, she was the wife of one Mike Fernandez with whom she connubially consorted.*

Defendant demands a reversal of the judgment upon the grounds that the court failed to make a finding upon his affirmative defense and that plaintiff having been born in wedlock is presumed to be the legitimate issue of the mother's husband. (Civil Code, secs. 193, 194.)

■ There are three answers to this contention: (1) Such presumption is not conclusive; (2) the presumption of legitimacy of a child can be disputed only by the husband or wife or by the descendant of one or both of them (Civil Code, sec. 195); (3) the court found that Natalie "had no sexual relations with any person other than defendant" during the period of her illicit amours with him.

Defendant had the benefit of the presumptions (Civil Code, secs. 193, 194) as well as his own testimony. But neither was conclusive upon the trial court in the face of contradictory proof. ■ In the absence of the record, we must assume that plaintiff introduced competent evidence in support of the court's finding. ■ If the mother had no sexual commerce with her legal husband during the season of her abode with defendant, then the alleged affirmative defense fails with its utterance. Obviously, no proof was offered of Natalie's cohabitation with her former spouse. From this it follows that a finding upon plaintiff's uncontradicted evidence was unnecessary. (*Cordano* v. *Kelsey,* 28 Cal. App. 9, 14 [151 Pac. 391, 398].)

The facts established are such that no finding in support of the affirmative defense could have been made. That issue is so utterly irreconcilable with the fact that, during the months mentioned, Natalie had no sexual intercourse with her spouse that it is substantially a finding adverse to

defendant's affirmative defense. (*Bell* v. *Adams*, 150 Cal. 772 [90 Pac. 118]; *Eastman* v. *Piper*, 68 Cal. App. 554, 569 [229 Pac. 1002].)

The judgment is affirmed.

Wood, J., and McComb, J., concurred in the judgment.