[Civ. No. 14355. Second Dist., Div. One. Aug. 24, 1944.]

Estate of MANCIL SAMUEL SKINNER, Deceased. GRACE JOSEPHINE RICE, as Guardian, etc., Appellant, v. RUBIE L. SKINNER, as Guardian, etc., Respondent.

Cyril A. Walton and A. P. G. Steffes for Appellant.

Lester E. Hardy and Victor A. Gillespie for Respondent.

YORK, P. J.—Mancil S. Skinner died testate leaving surviving him Rubie L. Skinner, his wife, Carole Dana Skinner, a minor daughter, and Ona Joe Skinner and Mary Jane Skinner, minor daughters by a previous marriage. The last will of decedent named as beneficiaries, his surviving wife and the two minor children by his former marriage, but the minor child Carole Dana Skinner "was not mentioned" therein, nor "provided for by any property settlement agreement, or otherwise."

In a proceeding instituted to determine heirship, the trial court on April 8, 1943, adjudged Carole Dana Skinner to be the daughter and one of the heirs at law of Mancil S. Skinner, deceased, and "entitled to share in the estate of . . . deceased under the laws of succession as a pretermitted heir." In orders (1) setting apart exempt personal property and (2) setting apart a homestead, the court placed certain property in the care and possession of respondent, Rubie L. Skinner, the surviving wife of the testator, for the use and benefit of herself and the said minor children, in the following proportions:

> Rubie L. Skinner, three-sixths;
> Carole Dana Skinner, one-sixth;
> Ona Joe Skinner, one-sixth;
> Mary Jane Skinner, one-sixth.

This appeal is prosecuted from such orders, i. e., determining heirship, setting apart exempt personal property and setting apart a homestead,—by Grace Josephine Rice, the divorced wife of decedent, as guardian of Ona Joe and Mary Jane Skinner, minor children of said guardian and testator, only insofar as "the question of the rights of Carole Dana Skinner as an illegitimate child and pretermitted heir" of decedent, Mancil S. Skinner, is concerned.

Appellant here contends that "there is no substantial evidence to support the order and judgment . . . decreeing that Carole Dana Skinner is the illegitimate daughter and pretermitted heir of Mancil S. Skinner"; and urges that "the material allegation and essential element of illegitimacy must be proved as well as the other required elements of the case." Also, that the evidence adduced herein was insufficient to overcome the presumption of legitimacy.

It is provided by section 195 of the Civil Code that illegitimacy "may be proved like any other fact." The burden of proof is the same as in other civil cases, for although the presumption of legitimacy is strong and the contrary proof must be clear and convincing, a preponderance of the evidence is sufficient; it is not necessary that the proof of illegitimacy satisfy beyond the possibility of a doubt. (13 Cal.Jur. 925, citing *Estate of Walker,* 180 Cal. 478, 493 [181 P. 792].)

In *Winsette* v. *Winsette,* 47 Cal.App.2d 308 [117 P.2d 897], it was held that neither the presumption of legitimacy

of children born in wedlock declared in Civil Code, sections 193 and 194, nor the testimony of a third person in support thereof, is conclusive upon the trial court in the face of contradictory proof.

Respondent urges that the instant case comes squarely within the requirements of section 230 of the Civil Code and section 255 of the Probate Code, both of which have been complied with, establishing the right of the child Carole to inherit as a pretermitted heir of her father, Mancil S. Skinner.

Section 230 of the Civil Code provides: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth."

Section 255 of the Probate Code is as follows: "Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father or mother by inheriting any part of the estate of the parents' kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried, and his father, after such marriage, acknowledges him as his child, or adopts him into his family, in which case such child is deemed legitimate for all purposes of succession."

It is shown by the record that Grace Josephine Rice, the divorced wife of decedent, had a conversation with testator on October 15, 1941, concerning the child Carole, in which he stated he had adopted a baby girl who came from good stock in Arizona. In November of that year, when decedent came to appellant's house to get the children Ona Joe and Mary Jane, he told appellant not to tell these children that the baby was adopted, because his wife was saying that she had the child herself.

Respondent Rubie L. Skinner testified she married decedent on August 4, 1936; that her maiden name was Rubie Lillian Edwards and that she was born at Ardmore, Oklahoma; that in September, 1941, her husband, Mancil S. Skin-

ner, drove her to a maternity home at Mesa, Arizona; that "the baby (Carole) was in a little basket. He picked her up and gave her to me, that was all." They brought the child to Los Angeles; that she (Rubie L. Skinner) was not the mother of the child; that the child was about a week or ten days old at the time they got her at the maternity home. In answer to the question "By Mr. Walton: At that time while you were at the maternity home, did you see the mother of the child?" The witness answered: "No. Q. Did you see the father of the child there? A. No. Q. By the Court: You don't know the father or the mother, do you? A. No. Q. So you wouldn't know whether you saw them or not? A. No."

It was also brought out in evidence that said witness, Rubie L. Skinner, in her petition for appointment as guardian of the child Carole, made the statement that the mother of the child was *unknown;* also that no legal proceedings were ever instituted for the adoption of the child Carole by respondent or her husband.

Respondent, Rubie L. Skinner, also testified that when the baby was about two months old, she had a conversation with her husband, Mancil S. Skinner, to the following effect: "Well, I asked him if it was his child . . . I said, 'Could this be your child?' . . . He said 'Yes'." That she did not again discuss the child's paternity with him, except that they agreed "we would say that she was adopted"; that she referred to the child as her own and never as an adopted child; that she was unable to have children of her own.

There was introduced in evidence a certified copy of a birth certificate issued by the Arizona State Department of Health, certifying the birth of Carole Dana Skinner on September 18, 1941; showing the name of the father as Mancil S. Skinner, white, aged 39 years, birthplace: Ardmore, Okla.; that the full maiden name of the mother was Ruby Lillian Edwards, white, aged 35 years, birthplace: Ardmore, Okla. Mother's mailing address for registration notice: Mrs. M. S. Skinner, 446 W. Madison, Phoenix, Arizona. The attending physician certified to the birth and that the information given was furnished "by Mrs. M. S. Skinner, related to this child as Mother."

The witness Loie May Blankenship testified that prior to September 18, 1941, respondent Rubie L. Skinner asked her how she (Rubie) could get a baby at the Dana Maternity

Home at Mesa, Arizona, to which the witness replied: "It would cost her about $225 and 3 letters of recommendation. Q. By the Court: What did she say? A. She wanted me to go with her and I told her, 'why not try to get one in California? She said, 'well, I will think about that.' Then she called me on the phone and talked to me quite awhile and wanted to know if I would go down. I told her she should have Mancil go down with her and apply for the adoption right there. I didn't hear anything more from her until I heard she had a baby and got a Christmas card with the baby's name on it."

Respondent admitted that she had such a conversation with Mrs. Blankenship, but she did not remember the date thereof, nor what was said. She was asked regarding a notation in testator's check-book, dated September 18, 1941, "Mrs. Hugh Dana, donation $200.00." and stated that she could not say what it was for, as her husband did not tell her what all his checks were for.

Mrs. Josephine C. Coleman, mother of appellant Rice, testified that some time in November, 1941, she had a telephone conversation with Mr. Skinner to the following effect: "He called and said, 'I have a new baby.' I said, 'You have a baby?' He said, 'Yes, we adopted one.' I said, 'How did anyone let you have a baby?' He said, 'There are other places besides California to get a baby.' I said, 'It is a little girl?' He said, 'It wasn't my idea, it was Rubie's. She thought if I would get a girl it would take the place of my two children.' I said, 'It will never do it.' "

Mr. Skinner's federal income tax return for the year 1941 was introduced in evidence showing that he took credit for Carole as a dependent for three months of that year. A state income tax return for the same year was introduced showing that Mr. Skinner listed three dependents, one of whom was "adopted daughter, Oct., 1941." Also in evidence as an application of Mancil S. Skinner for a policy of life insurance in which he gave the beneficiary as "Rubie L. Skinner, if living, if not, to Carole D. Skinner . . . wife-daughter." The agent who wrote the policy on the life of Mr. Skinner, in connection with which said application was made, testified that he called on Mr. Skinner in regard to insurance, and the latter said to him: "I want to be sure that my little girl has an education and is well cared for."

While the circumstances of the case are unusual and some

inconsistencies and contradictions necessarily appear in the testimony presented, as stated in the case of *Sweet* v. *Hamilothoris,* 84 Cal.App. 775, 783 [258 P. 652] (an action under section 196a of the Civil Code to compel the support of an illegitimate child) : "It was entirely within the province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony, and to reject the testimony of any witness called at the trial."

With the foregoing rule in mind, an examination of the record reveals that the evidence produced to the effect (1) that Rubie L. Skinner was not the mother of the child; (2) that the mother of the child, who was unknown to Rubie L. Skinner, posed under the maiden name of the latter; (3) that Mancil S. Skinner was the father of Carole Dana Skinner, and (4) that said Mancil S. Skinner publicly acknowledged the child, Carole, as his daughter and received her into his family with the consent of his wife, Rubie L. Skinner,—was sufficient to establish the fact that Carole Dana Skinner is the natural daughter of Mancil S. Skinner, deceased, and entitled to share in his estate as a pretermitted heir.

Although appellant repeatedly refers to the birth certificate of Carole Dana Skinner, which was introduced in evidence, as "false" and "spurious," it shows on its face that it is a duly authenticated copy of a public record of the State of Arizona.

For the reasons stated, the orders appealed from are affirmed.

Doran, J., and White, J., concurred.