[Civ. No. 17088. Second Dist., Div. One. July 27, 1949.]

CATHERINE CINDERS, Respondent, v. CLYDE N. LEWIS, Appellant.

Courtney A. Teel for Appellant.

Christy J. Nelson for Respondent.

DORAN, J.—As set forth in the appellant's brief, "This is an appeal from the judgment of the trial court wherein and whereby the defendant, Clyde N. Lewis, was found to be the father of an illegitimate child born to plaintiff, in wedlock, and which child was ordered to be supported by said defendant, as the father thereof, until the further order of this court." ▮ The material facts, according to said brief, are briefly stated as follows: "(a) plaintiff was a married woman, the wife of one Frank Cinders; (b) while purportedly separated, which frequently occurred, plaintiff and her said husband lived in the same neighborhood of Los Angeles at all essential periods; (c) that plaintiff obtained an interlocutory decree of divorce from her said husband on April 1, 1946, . . . (d) that the conception admittedly occurred in March, 1946, at which time plaintiff and her husband remained friendly, and he frequently visited her home; (e) that the only evidence of non-intercourse is that given by husband and wife, over objections."

"Plaintiff testified that she became intimate with the defendant on October 3, 1945; . . . that she became pregnant and a daughter was born on December 11, 1946"; that the defendant promised to pay $20 per month on the hospital and doctor bills; that on the official birth certificate plaintiff gave the husband's name, Frank Cinders, as being the child's father; that plaintiff and defendant had intercourse from October, 1945, to February 17 or 18, 1946; that plaintiff "started a calendar" on defendant in February, 1946, which was later destroyed; that intercourse between the parties also occurred on March 7 or 8, 1946. The divorce action was filed by plaintiff on January 4, 1946. Plaintiff had three other children by Frank Cinders.

The husband testified that separation occurred in January, 1946, and that no sexual relations were had between husband and wife after the separation, and that Cinders

was not the father of the child. The defendant Clyde Lewis testified that no intercourse occurred with the plaintiff in March or April, 1946, but "I might have had the first day or two of February," 1946; that in March, 1947, the husband told Lewis, "My wife and I are going back together."

The appellant contends that the trial court "erred in the admission of evidence" by the husband and wife to the effect that there was no intercourse after separation and that the husband was not the father of the child born to Mrs. Cinders. In this connection are cited *Estate of Walker,* 180 Cal. 478 [181 P. 792] and *Dazey* v. *Dazey,* 50 Cal.App.2d 15 [122 P.2d 308]. These cases deal with sections 193 and 194 of the Civil Code; section 193 stating that "All children born in wedlock are presumed to be legitimate"; and section 194 providing that "All children of a woman who has been married, born within ten months after the dissolution of the marriage, are presumed to be legitimate children of that marriage."

In the case of *Dazey* v. *Dazey* just cited, the syllabus reads as follows: "At common law the child of a married woman was conclusively presumed to be legitimate if begotten while her husband was within the four seas—that is within the jurisdiction of England—unless the husband was impotent. Under the modern rule, applicable in America as well as England, this presumption may be removed by proper and sufficient evidence showing that the husband was (1) incompetent; (2) entirely absent, so as to have no intercourse or communication of any kind with the mother; (3) entirely absent at the period during which the child must, in the course of nature, have been begotten; or (4) only present under such circumstances as afford clear and satisfactory proof that there was no sexual intercourse."

In the respondent's brief, attention is also directed to the Dazey opinion at page 17 thereof, where the court says: "Our codes (Civil Code, section 193; Code of Civil Procedure, sections 1962 and 1963) set forth an indisputable presumption that the child born in lawful wedlock of a wife cohabiting with her husband is legitimate. In construing these code sections our courts have held that there are certain exceptions manifestly proper to be made," thereafter mentioning, as before stated, such exceptions. Also cited by respondent, is the case of *Winsette* v. *Winsette,* 47 Cal.App.2d 308, 309 [117 P.2d 897], not unlike the present litigation. The court there said: "Defendant had the benefit of the presumption

(Civil Code, secs. 193, 194) as well as his own testimony. But neither was conclusive upon the trial court in the face of contradictory proof.''

Section 1962(5), upon which the appellant relies, provides that ''The issue of a wife *cohabiting* with her husband, who is not impotent, is indisputably presumed to be legitimate.'' (Italics added.) In this connection, however, it must be noted that in the instant case, according to evidence in the record, the plaintiff wife was not ''cohabiting'' with the husband, but with the defendant. The trial court's finding that Clyde N. Lewis is the father of plaintiff's child is supported by substantial evidence, and as set forth in the respondent's brief, is ''well within the principles as laid down in the case of *Dazey* v. *Dazey,* 50 Cal.App.2d p. 15 [122 P.2d 308], and *Winsette* v. *Winsette,* 47 Cal.App.2d, p. 308 [117 P.2d 897] and *Serway* v. *Galentine,* 75 Cal.App.2d 86 [170 P.2d 32].'' The Serway case holds in the language of the headnote, that ''The presumption of Civ. Code, § 193, that a child is legitimate when born in wedlock, is negated by the testimony of the mother of a child, in an action to determine the parental relationship, that she had no sexual relations with her husband for more than a year prior to the birth of a child, and also that during that time she was intimate with another man who now claims to be the father of the child.''

The record discloses no reversible error either in the admission of evidence or otherwise, and the judgment is supported by the evidence.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied August 18, 1949, and appellant's petition for a hearing by the Supreme Court was denied September 19, 1949.