[Civ. No. 4059.   Fourth Dist.   Jan. 16, 1951.]

MARTHA McGILLIS, Respondent, v. LA VERNE DWIGHT HOFEDITZ, Appellant.

Claude L. Rowe for Appellant.

Lester N. Gonser for Respondent.

MUSSELL, J.—Plaintiff, mother of Christopher Galen McGillis, born February 10, 1949, filed an action to compel defendant, as the father of said minor, to provide for the child's support and maintenance. Defendant appeals from a judgment for plaintiff and contends that the evidence is insufficient to support the findings and decision.

Plaintiff and her husband, Mark McGillis, separated in January, 1948, and on April 30th of that year, plaintiff commenced an action for divorce, in which she obtained an interlocutory decree on May 14, 1948.

There was substantial testimony introduced at the trial that plaintiff and defendant became acquainted April 24, 1948, and that sexual intercourse occurred between them either late in April or early in May of that year; that the child involved was conceived during the first week of May, 1948.

Plaintiff and her husband, Mark McGillis, testified that no acts of sexual intercourse took place between them after their separation in January, 1948.

Several witnesses testified that defendant met plaintiff during April, 1948, and that he thereafter, until the following August, visited plaintiff at her home "almost every night," remaining with her for several hours alone on these occasions. There was evidence that plaintiff and her husband, Mark McGillis, were seen together on several occasions after their separation, but there was no testimony that they were living together as man and wife. The defendant admitted that he became acquainted with plaintiff around April, 1948, and admitted several acts of sexual intercourse with her beginning about June of that year. Mrs. Tockey (plaintiff's mother) testified that she discussed plaintiff's pregnancy with the defendant in July, 1948; that he then suggested an abortion and that in this and other conversations with defendant, he at no time denied being the father of the child.

The trial court's finding that the defendant is the father of the child involved is supported by substantial evidence, sufficient to overcome the presumptions that "all children

born in wedlock are presumed to be legitimate'' (Civ. Code, § 193) and that ''all children of a woman who has been married, born within ten months after the dissolution of the marriage, are presumed to be legitimate children of that marriage (Civ. Code, § 194). ▮ The presumption in section 1962 of the Code of Civil Procedure that ''the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate,'' is not here applicable as the evidence before us is that the plaintiff wife was not ''cohabiting'' with her husband but with the defendant. (*Cinders* v. *Lewis*, 93 Cal.App.2d 90, 92 [208 P.2d 687].) (Hearing denied by the Supreme Court.)

▮ Evidence was introduced by the defendant tending to contradict plaintiff's testimony as to the time when her sexual relations with defendant began and as to her relationship with her husband after their separation in January of 1948. However, this evidence merely created a conflict which the trial court resolved in favor of the plaintiff and its decision cannot be here disturbed. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) The weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom were matters for the trier of the facts. (*Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387, 11 A.L.R.2d 835].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 14, 1951.