[Civ. No. 14744.  First Dist., Div. Two.  Nov. 1, 1951.]

EDNA EARLE PARKER, Respondent, v. FRED WATSON PARKER, Appellant.

Joseph L. Bortin for Appellant.

Malcolm N. McCarthy for Respondent.

DOOLING, J.—Defendant appeals from an order denying his motion to amend an interlocutory decree of divorce, and from two orders awarding plaintiff counsel fees and costs to resist the motion.

The parties were married in Missouri in 1944, divorced in that state on July 11, 1946, and remarried in San Francisco on September 3, 1946. A child was born to the wife on January 19, 1947, about four and one-half months after the parties' remarriage.

On April 8, 1949 plaintiff filed her complaint for divorce in this action wherein she alleged that there was no issue of the marriage. Defendant was served and defaulted and on May 11, 1949, plaintiff was given an interlocutory decree of divorce, the court finding all of the allegations of her complaint to be true.

On January 18, 1950, defendant filed a notice of motion to amend the decree to include the finding that there is one child the issue of the marriage, naming the child born to plaintiff in January, 1947. After hearing evidence the court denied this motion.

Plaintiff testified that she left Kansas City, Missouri, where defendant resided, in December, 1945, and came to San Francisco where she was continuously present thereafter and that defendant did not come to San Francisco until August, 1946. She further testified that at the time of their remarriage she was already four and one-half months pregnant. Defendant testified to one visit of plaintiff to Kansas City in April, 1946, when he had intercourse with her, but plaintiff expressly denied this. Resolving the conflicting testimony in favor of plaintiff the court was entitled to find that there was no possibility of access between the parties during the possible period of conception, which overcomes the presumption of legitimacy. (*Estate of McNamara,* 181 Cal. 82 [183 P. 552, 7 A.L.R. 313]; *Dazey* v. *Dazey,* 50 Cal.App.2d 15 [122 P.2d 308]; *Murr* v. *Murr,* 87 Cal.App.2d 511 [197 P.2d 369].)

Appellant does not dispute this rule of law but asserts "that plaintiff is estopped to testify to her own misconduct." The one case cited in support of this argument is *United States Fidelity & Guaranty Co.* v. *Henderson,* (Tex.Civ.App.) 53 S.W.2d 811, which is out of line with California law. Section 195, Civil Code, expressly gives the wife the right to dispute the presumption of legitimacy and adds: "Illegitimacy, in such case, may be proved like any other fact." (*Serway* v. *Galentine,* 75 Cal.App.2d 86 [170 P.2d 32]; *Cinders* v. *Lewis,* 93 Cal.App.2d 90 [208 P.2d 687]; *McGillis* v. *Hofeditz,* 101 Cal.App.2d 760 [226 P.2d 372].)

The award of counsel fees and costs was within the power of the court. "The power of the court to compel the

husband to defray the wife's legal expenses in the matrimonial cause . . . is not exhausted by the rendition of judgment in the case." (1 Cal.Jur. pp. 1001-1002.) Where the decree is attacked in any way by the husband such allowance is proper. (*Parker* v. *Parker,* 22 Cal.App.2d 139 and cases cited on p. 141 [70 P.2d 1003].)

The trial court was not required to make findings. "The universal practice in this state is not to require findings on an order made after motion." (*Waymire* v. *California Trona Co.,* 176 Cal. 395, 399-400 [168 P. 563].)

We express no opinion on respondent's claim that the motion came too late.

The orders are affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied December 1, 1951, and appellant's petition for a hearing by the Supreme Court was denied December 20, 1951.