[Civ. No. 22595. Second Dist., Div. One. Dec. 27, 1957.]

GABRIELLE DANIELS, a Minor, etc., Appellant, v.
ORRIN POTTER DANIELS, Respondent.

372

 . 

Moore, Webster, Lindelof & Hughes and Prentiss Moore for Appellant.

Boyle, Bissell & Atwill and Robert C. Mardian for Respondent.

DORAN, J.—The action herein was instituted by the infant plaintiff, "to determine parental relationship," and was directed against the mother, Joan Evelyn Daniels, and the alleged father, respondent herein. Respondent's answer denies paternity of the child and alleges that plaintiff was conceived while the mother was the wife of one Jay Schleuter, and that before, during and after the conception of plaintiff, the mother cohabited with the husband who was not impotent; that therefore, under section 1962, subdivision 5, of the Code of Civil Procedure, the plaintiff child is conclusively presumed to be the legitimate daughter of Jay Schleuter.

It appears that the mother originally defaulted in this proceeding but that at the trial the default was vacated; the mother's answer admitted the allegations in the complaint and prayed for judgment declaring that the respondent is plaintiff's father and should be ordered to support the plaintiff.

The complaint alleges that the appellant child was conceived during May or June, 1950, in Paris, France, while the parents were not married to each other, and that they later married; that the mother was then married to Jay Schleuter who was not the father; that the mother had not cohabited with the said Schleuter for more than nine months prior to the conception, and that respondent Daniels had, since the birth of the child on March 15, 1951, publicly acknowledged paternity. It is further alleged that on April 3, 1951, a Nevada court, in an action between the mother and Jay Schleuter, adjudged that the child was the issue of the Schleuter marriage.

In answer to interrogation by the court, the mother testified that Mr. Schleuter left the United States for Europe in August, 1949; that thereafter, the mother joined Schleuter in Rome, Italy on June 14th or 15th, 1950, from which date husband and wife resided in the same house until June 27.

The mother was not permitted to testify that during the stay in Rome the husband and wife occupied separate rooms and had no sexual relations. Also excluded was proposed testimony that from May 1, 1950, to June 15, 1950, the mother had numerous acts of intercourse with the defendant Daniels, and had become pregnant before rejoining the husband in Rome.

The trial court found "That the defendant Joan Evelyn Daniels, mother of the plaintiff herein, was married to and cohabiting with her husband Jay Schleuter from June 14, 1950 to June 28, 1950, which period of cohabitation occurred at the time the plaintiff herein would normally have been conceived. That the said Jay Schleuter was not then impotent."

It is appellant's contention that "The conclusive presumption of Code of Civil Procedure, Section 1962(5) does not apply under the facts established and offers of proof made: A. Pregnancy of the mother occurred prior to her trip to Rome. B. Cohabitation was not established and Finding to that effect was error."

Section 1962, subdivision 5, invoked by the trial court, provides that "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate." That this presumption is the determinative factor in the instant case cannot be doubted.

The term "cohabiting," used in the statute, means, as set forth in the leading California case on the subject, *Estate of Mills*, 137 Cal. 298, 301 [70 P. 91], "the living together of a man and woman ostensibly as husband and wife," in which case the parties are not permitted to contradict or question the conclusive presumption created by the statute.

As said in *Estate of Marshall*, 120 Cal.App.2d 747, 754 [262 P.2d 42], "Evidence is inadmissible to rebut a conclusive presumption and illegitimacy cannot be established by such evidence when, as here, there was direct and uncontradicted testimony of opportunity of access to the wife by the husband during the period conception would normally occur."

In the instant case, it was the wife's testimony that husband and wife did reside in the same house during the period in question. In the legal sense of the terms, there was cohabitation and access, and the trial court was therefore justified in refusing to admit the offered testimony tending to dispute the conclusive presumption created by the statute.

The case of *Cinders* v. *Lewis*, 93 Cal.App.2d 90 [208 P.2d 687], cited by appellant, is not applicable to the present

situation nor authority for appellant's contention. In that case, the parties did not reside in the same house but merely in the same neighborhood, and testimony by husband and wife that no intercourse occurred was held admissible.

To admit of the contentions argued by appellant would, as stated in respondent's brief, destroy the very purpose of the Legislature in enacting section 1962, subdivision 5, of the Code of Civil Procedure. Should any change in that law, so definitely stated, be desired, such a change must come from the legislative, not the judicial branch of the government.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.