[Civ. No. 23608.   Second Dist., Div. Two.   Apr. 21, 1959.]

BABY GIRL BONSALL, a Minor, etc., et al., Appellants v. LEVI BONSALL, Respondent.

754

Herman Wildman for Appellants.

Samuel V. Cornell for Respondent.

HERNDON, J.—The judgment here presented for review determines that defendant and respondent Levi Bonsall is the natural father of Deborah Bonsall, a minor. Plaintiffs and appellants, Steve and Jean Tabor, whose petition for the adoption of the child was then pending, brought the action to obtain an adjudication that respondent was not the father and thereby to avoid the necessity of obtaining his consent to the adoption. The child was joined as a party plaintiff and was represented by Steve Tabor as guardian ad litem. The judgment under review was entered after the granting of respondent's motion for summary judgment.

In their complaint filed January 28, 1958, appellants alleged: that the child was born on May 26, 1956, and that her parents were Beverly Bonsall and Jack Cox Hiner; that since June 1, 1956, the child has been living continuously in the home of appellants Tabor; that on or about June 1, 1956, the Tabors filed a petition for her adoption and that said proceedings were still pending; that Beverly Bonsall, the natural mother, after first consenting to the adoption, had filed a petition for the withdrawal of such consent, and that the judge presiding in the adoption proceedings had made an order withholding approval of the mother's attempted withdrawal of consent, and leaving the child in

the custody of the Tabors pending further order of court.

In his answer, respondent Levi Bonsall denied that Jack Cox Hiner was the father of the child, and alleged that he, himself, was the father. By his affidavit in support of his motion for summary judgment, respondent alleged a former adjudication of the child's paternity in an action brought pursuant to the provisions of section 231 of the Civil Code. He alleged that in the month of October, 1957, the former action was commenced in the Compton branch of the Los Angeles Superior Court, the plaintiff therein being designated as Deborah Dianne Bonsall by Beverly Bonsall, her guardian ad litem, and respondent being named as the sole defendant. A copy of the judgment rendered in the former action is incorporated into the affidavit. This former judgment appears to have been entered on March 4, 1958, and recites the following findings: "That Beverly Bonsall is the mother of the said minor; that the said Beverly Bonsall and the defendant Levi Bonsall were married on January 5th, 1947, and thereafter by final decree of this Court said marriage was dissolved on November 8th, 1955; that the birth of said minor occurred within ten (10) months of the date of said dissolution of said marriage; that thereafter the said Beverly Bonsall and Levi Bonsall, the defendant herein, remarried on July 29, 1956 and it further appearing that the said Beverly Bonsall and the defendant Levi Bonsall had cohabited with each other at various times prior to the birth of said child and particularly during a period of two (2) weeks in the month of September 1955, . . ." Upon the foregoing findings, the judgment declares that respondent is the natural father of the child.

It is alleged in respondent's affidavit that said former judgment "has not been vacated, modified or reversed and ever since the date of its rendition has remained and now is a valid and subsisting judgment." It is agreed that said judgment had become final at the time of the hearing on the motion for summary judgment herein. It appears from appellants' brief that the Tabors sought to intervene in the former action, but were denied that right; that they took no appeal from the judgment in the former action, but that immediately after having been denied the right to intervene therein, they commenced the instant action.

The affidavit of Steve Tabor filed in opposition to the motion for summary judgment recites various comments purportedly made by the judge presiding in the adoption pro-

ceedings on February 8, 1957, when he withheld approval of the mother's petition to withdraw her consent to the adoption. Among other things, the judge suggested that the institution of filiation proceedings under section 231 of the Civil Code would be the appropriate method by which to determine the paternity of the child. Appellant's affidavit also recites the various proceedings taken in the Compton action and avers "[t]hat the decree referred to in the affidavit of Levi Bonsall was obtained by fraud. That a reading of the decree reveals that Levi Bonsall defaulted in the action brought by his wife and that Levi Bonsall was sworn and examined as a witness for the plaintiff Beverly Bonsall."

Apart from the unquestioned proposition that a summary judgment cannot properly be granted where any triable issue of fact is presented, appellants submit only one contention, namely: that the former adjudication was obtained by the fraud and collusion of Beverly and Levi Bonsall, and, therefore, is not res adjudicata with respect to the paternity of the child.

The Tabors are met at the threshold with insuperable obstacles. They do not deny that Beverly and Levi Bonsall were husband and wife until November 8, 1955, and that the child was born less than seven months after the dissolution of the marriage. Thus there is a presumption that the child is the legitimate child of the Bonsalls. (Civ. Code, § 194; *cf. Estate of McNamara*, 181 Cal. 82, 91-92 [183 P. 552, 7 A.L.R. 313].) And since the Tabors are strangers to the blood of the child, they have neither right nor capacity to dispute her presumed legitimacy. (Civ. Code, § 195; *cf. Winsette* v. *Winsette*, 47 Cal.App.2d 308, 309 [117 P.2d 897]; *Serway* v. *Galentine*, 75 Cal.App.2d 86, 89 [170 P.2d 32].) The facts as found in the former action invoked the conclusive presumption that a child is legitimate when it appears that the mother was cohabiting with a lawful husband during the period when conception would normally occur. (Code Civ. Proc., § 1962, subd. 5; *Williams* v. *Moon*, 98 Cal.App.2d 214, 219 [219 P.2d 902]; *Estate of Marshall*, 120 Cal.App.2d 747, 754 [262 P.2d 42].)

In these circumstances, appellants' conclusional averment that the former judgment was obtained by fraud tendered no triable issue. (*Hammell* v. *Britton*, 19 Cal.2d 72, 81-82 [119 P.2d 333].) Appellants have neither alleged nor suggested the existence of any fact that would furnish any element of extrinsic fraud. They place much emphasis upon the fact that Levi Bonsall defaulted in the former action and the fact

that he later testified therein that he had cohabited with the mother during the period when the child's conception normally would have occurred. But these facts furnish no basis upon which to avoid the former judgment. Even if it be assumed that Levi Bonsall testified falsely, such perjury could not be classified as extrinsic fraud. (*Jorgensen* v. *Jorgensen*, 32 Cal.2d 13, 18 [193 P.2d 728]; *Hammell* v. *Britton, supra*, 19 Cal.2d 72, 82.) Since the Tabors had actual knowledge of the pendency of the former action and attempted to intervene therein, they cannot now be heard to say that they had no opportunity to litigate whatever rights they desired to assert. If there was any basis for a claim of error in the denial of their right to intervene in the former action, it could have been asserted on appeal from the judgment therein. (See *Muller* v. *Reagh*, 148 Cal.App.2d 157, 159-160 [306 P.2d 593].) There is nothing in the record to show any irregularity in the appointment of the guardian *ad litem* in the former action. There is no indication that the Tabors at any time questioned the propriety of the appointment of the natural mother to act as the child's guardian *ad litem*. In these circumstances, there is nothing to rebut the presumption of regularity. Such presumption must, therefore, prevail on this appeal. (*Estate of Marshall, supra*, 120 Cal.App.2d 747, 752; *Neilson* v. *Walker*, 105 Cal.App. 23, 27 [286 P. 1091]; *Jones* v. *Alameda*, 85 Cal.App. 607, 612 [259 P. 976].) The minor child is therefore bound by the judgment in the former action. (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892]; see 2 Armstrong, California Family Law, 917.)

Affirmed.

Fox, P. J., and Ashburn, J., concurred.